ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2017 DEC 27 PM 3: 15

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SLATER WASHBURN SWARTWOOD, SR. | NO. **3-17CR-678-M** |

## INFORMATION

The United States Attorney Charges:

### Introduction

1. From in or around 2011 to in or around 2017, Person A, the president of Company A, a technology company that put cameras on school buses, paid Person B, the superintendent of a state agency, millions of dollars in bribe and kickback payments in exchange for favorable official action, including Person B's decision to enter into contracts and licensing agreements on behalf of the state agency and to purchase school-bus-camera equipment.

2. Person B was a public servant as a result of his position. Person B owed a duty of honest services to the citizens of Dallas County and his employer to perform the duties and responsibilities of his office free from bias, conflicts of interest, self-enrichment, self-dealing, concealment, deceit, fraud, kickbacks, and bribery.

3. To hide the bribe and kickback payments that Person A made to Person B, Person

A funneled a significant portion of the illicit payments through various companies created and operated by his business associate, defendant **Slater Washburn Swartwood, Sr**.

## Count One
## Conspiracy to Commit Money Laundering
### [Violation of 18 U.S.C. § 371]

4. Paragraphs 1 through 3 of this Information are realleged and incorporated by reference as if set forth fully herein.

5. From in or around 2011 to in or around 2017, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, **Swartwood**, Persons A and B, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate and agree together and with each other to violate Section 1956(a)(1) of Title 18, United States Code.

6. It was a part and object of the conspiracy that **Swartwood**, Persons A and B, and others known and unknown, did knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, honest services wire fraud in violation of 18 U.S.C. §§ 1343 and 1346, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## Manner and Means of the Money Laundering Conspiracy

7. During the money laundering conspiracy, Person A paid Person B over $3 million in bribes and kickbacks, including paying a portion of Person B's credit card debt and student loan debt arising from his son's college tuition. In return, Person B, acting on behalf of the state agency, entered into contracts and licensing agreements with Company A, which resulted in the state agency paying Company A over $70 million and incurring significant and ultimately debilitating debt.

8. To disguise and conceal the source and purpose of the bribe and kickback payments to Person B, Person A generally did not directly pay Person B.

9. Instead, Person A caused approximately $2 million in bribe and kickback payments to be transferred to pass-through entities controlled by **Swartwood**, including Elf Investments, Cambridge Realty Group, LLC (Cambridge), and Anrock Realty Services, LLC (Anrock), after which **Swartwood**, at Person A's direction, would pay Person B or shell companies that he controlled.

10. To further disguise and conceal the source and purpose of the bribe and kickback payments from Person A to Person B, the coconspirators, at various points during the money laundering conspiracy, created sham loan, consulting, or real estate agreements in an attempt to make the payments to Person B appear legitimate.

## Overt Acts

11. In furtherance of the conspiracy and to effect the illegal objects thereof, the

following overt acts, among others, were committed in the Dallas Division of the Northern District of Texas and elsewhere:

   a. On or about April 15, 2016, Person A caused approximately $200,000 to be wired from a bank account of Company A to a bank account of Anrock.

   b. On or about April 15, 2016, **Swartwood**, at Person A's direction, caused approximately $200,000 to be transferred from the bank account of Anrock to a bank account ending in 7802, a shell company controlled by Person B, which is known to the United States Attorney.

All in violation of 18 U.S.C. § 371.

## Forfeiture Notice
## [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

The allegations contained in the Introduction and Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of a conspiracy to violate 18 U.S.C. § 1956, in violation of 18 U.S.C. § 371, the defendant, **Slater Washburn Swartwood, Sr.**, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to said violation. The property to be forfeited includes, but is not limited to, a money judgment.

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

ERIN NEALY COX
UNITED STATES ATTORNEY

_____ and _____
ANDREW O. WIRMANI
Assistant United States Attorney
Texas Bar No. 24052287
JOSEPH A. MAGLIOLO
Assistant United States Attorney
Texas Bar No. 24074634
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214.659.8600
Fax: 214.659.8809