IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. |
| SLATER WASHBURN SWARTWOOD, SR. | |

## FACTUAL RESUME

In support of Slater Washburn Swartwood, Sr.'s plea of guilty to the offense(s) in Count(s) One of the Information, Swartwood, the defendant, Max Stern, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Information charging a violation of 18 U.S.C. § 371, that is, conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), the government must prove each of the following elements beyond a reasonable doubt:[1]

*First*: That the defendant and at least one other person made an agreement to commit the crime of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), as charged in the Information;

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

---

[1] Fifth Circuit Pattern Jury Instruction 2.15A (5th Cir. 2015).

Factual Resume—Page 1

*Third*:     That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Information, in order to accomplish some object or purpose of the conspiracy.

## STIPULATED FACTS

1. The defendant agrees that the following facts are true and correct and that his testimony at any trial would reflect the same.

2. From in or around 2011 to in or around 2017, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, Swartwood, Persons A and B, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate and agree together and with each other to violate Section 1956(a)(1) of Title 18, United States Code.

3. Swartwood, at all relevant times, knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

4. Swartwood started working with Person A as a real estate adviser in approximately 1985. In approximately 2010, he began doing real estate consulting for Company A, at first as an employee and later as a consultant.

5. Company A, which was owned and controlled by Person A, sold cameras and related services for school buses. Company A entered into various contracts and a licensing agreement with a Texas state agency acting through its superintendent, Person B. Under these contracts and the licensing agreement, the state agency purchased

millions of dollars of camera equipment from Company A. All of these contracts, agreements, and purchase orders were entered into by Person A and Person B on behalf of their respective organizations. The ongoing business relationship between Company A and the state agency generated millions of dollars in revenue for Company A, a portion of which Person A illegally kicked back to Person B in return for further agreements and camera-equipment orders.

6. Generally, Person A did not pay Person B directly. Instead, to disguise the source and illegal purpose of the payments, Person A funneled the bribe and kickback payments to Person B through various pass-through companies owned or controlled by Swartwood.

7. More specifically, between 2011 and 2016, Person A provided Swartwood with approximately $2 million to funnel to Person B through Swartwood's companies, Elf Investments, Cambridge Realty Group, LLC (Cambridge), and Anrock Realty Services, LLC (Anrock). After Swartwood was paid, he would almost immediately transfer the funds to Person B at Person A's direction.

8. Swartwood, per Person B's instruction, would pay the money to Person B's personal bank account or to various shell companies owned or controlled by Person B, which are known to the United States Attorney.

9. To further conceal the illegal bribe and kickback payments, the coconspirators created numerous versions of a fake loan. All parties understood that the loans in their various iterations were fake and that Person B would never be required to pay Person A back and lacked even the financial capability to do so. In fact, when the

media began scrutinizing the relationship between Company A and the state agency, the coconspirators discussed having Person B begin to make payments on the loan to make it appear legitimate, after which Person A would "recycle" the money back to Person B. The coconspirators also spent a significant amount of time discussing how to get their stories straight so they could explain the paper trail left by the multi-year bribery scheme they had engaged in.

10. Swartwood also knew that Person A was concealing bribe and kickback payments to Person B by funneling payments to Person B through a law firm.

11. Swartwood agrees and stipulates that, in furtherance of the money laundering conspiracy, and as set forth in Paragraph 11 of the Information, that, on or about April 15, 2016, Person A caused approximately $200,000 to be wired from a bank account of Company A to a bank account of Anrock. That same day, Swartwood, at Person A's direction, caused approximately $200,000 to be transferred from the bank account of Anrock to a bank account ending in 7802, a shell company controlled by Person B, which is known to the United States Attorney. To further conceal the true purpose of the payment, the coconspirators characterized the payment as related to "Consulting."

12. The defendant agrees that the defendant committed all the essential elements of the offense(s). This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count(s) One of the Information.

AGREED TO AND STIPULATED on this ____ day of _____, 2017.

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
SLATER WASHBURN
SMARTWOOD, SR.
Defendant

_____
ANDREW O. WIRMANI
Assistant United States Attorney
Texas Bar No. 24052287
Dallas, Texas 75242-1699
Tel: (214) 659-8600
Fax: (214) 659-8809
Email: andrew.wirmani@usdoj.gov

_____
MAX STERN
Attorney for Defendant

Factual Resume—Page 5